Wilde, J.,
delivered the opinion of the Court. By the statute of 1784, c. 28, § 9, when any plaintiff shall, in any stage of his action, become nonsuit, or discontinue his suit, the defendant shall recover his costs against him ; and in all actions, the party prevailing shall be entitled to his legal costs against the other. By this statute, the defendant is entitled to his costs on a discontinuance of the suit; nor is it within the discretion of the Court to disallow a motion to that effect.
Then, how stands the present case ? The writ having been legally served, the action was duly entered, and stood continued for several terms; when the plaintiff, discovering that he could not proceed in his action, by reason of the sheriff’s neglect in not making return of the writ, moved to withdraw the action from the docket, which was allowed. This we consider as a discontinuance of the suit, within the true meaning of the statute. This is the real nature of the motion, which cannot be changed or disguised, whatever may be the phraseology adopted for that purpose. If the plaintiff, after entering his action, refuses to prosecute it, and this appears on record, it will amount to a discontinuance, * according to the intendment of the statute. A retraxit would be so considered, although, technically, it varies from a discontinuance.
it has been thought hard to mulct the plaintiff in costs, without *168 any fault or neglect appearing on his part. But there is no hardship in the case; for he has his remedy against the sheriff, whose duty it was to return the writ; or against his attorney, if, by his neglect, the writ has been lost ,• or against the clerk, if it has been returned to him, and, by his negligence, it has been mislaid. If the plaintiff had failed to enter his action, the defendant, on complaint, would have been entitled to costs; and the non-return or loss of the writ would have been no objection to his recovery in such case; nor ought it to be in the present case, which, as it respects any supposed hardship on the plaintiff, stands on the same footing.
The defendant has no agency in suing out the writ, or in selecting the officer to serve it. The writ, when served, according to common practice, is returned to the plaintiff’s attorney ; and if it should disappear, the defendant ought not to be prejudiced. The expenses ought rather to fall on the plaintiff, even if he had no indemnity.

Costs for the appellant.